IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

LEON HAWKINS,

    Petitioner,

v.

WARDEN, ROSS CORRECTIONAL
INSTITUTION,

    Respondent.

CASE NO. 2:19-CV-3870
JUDGE SARAH D. MORRISON
Magistrate Judge Chelsey M. Vascura

## ORDER and
## REPORT AND RECOMMENDATION

This is an action pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus. Petitioner seeks release from confinement imposed pursuant to a state-court judgment in a criminal action. This case has been referred to the Undersigned pursuant to 28 U.S.C. § 636(b) and Columbus General Order 14-1 regarding assignments and references to the United States Magistrate Judges.

Petitioner has filed a motion to proceed *in forma pauperis*. (ECF No. 1.) Upon consideration, the undersigned finds the motion to be meritorious, and it is **GRANTED**. Petitioner shall be **PERMITTED** to prosecute this action without prepayment of fees or costs and judicial officers who render services in this action will do so as if costs had been prepaid.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court ("Rule 4"), this Court must conduct a preliminary review to determine whether "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." If it does so appear, the petition must be dismissed. *Id*. Rule 4 allows for the dismissal of petitions that raise legally frivolous claims, as well as petitions that contain factual allegations that are palpably incredible or false. *Carson v. Burke*,

178 F.3d 434, 436-37 (6th Cir. 1999). Here, for the reasons that follow, it plainly appears from the face of the petition that Petitioner is not entitled to relief, as this action is barred by the one-year statute of limitations provided for under 28 U.S.C. § 2244(d). It is therefore **RECOMMENDED** that this action be dismissed.

## I. FACTS AND PROCEDURAL HISTORY

Petitioner challenges his convictions after a jury trial in the Franklin County Court of Common Pleas on two counts of aggravated murder with death penalty specifications of aggravated burglary and aggravated robbery; one count of attempted aggravated murder; one count of aggravated burglary; and one count of aggravated robbery, with firearm specifications. According to the petition, on April 9, 1997, the trial court imposed a term of thirty years to life. On March 24, 1998, the Ohio Tenth District Court of Appeals affirmed the judgment of the trial court. *State v. Hawkins*, 10th Dist. No. 97AP06-740, 1998 WL 134321 (Ohio Ct. App. Mar. 24, 1998). Petitioner apparently did not file a timely appeal. On October 7, 1998, the Ohio Supreme Court denied his motion for a delayed appeal. *State v. Hawkins*, 83 Ohio St.3d 1450 (Ohio 1998). On April 5, 1999, the United States Supreme Court denied the petition for a writ of *certiorari. Hawkins v. Ohio*, 526 U.S. 1053 (1999). Petitioner pursued other state collateral relief, without success: As discussed by the state appellate court:

> {¶ 2} Appellant has been before the trial court and this court on numerous prior occasions. *See State v. Hawkins*, 10th Dist. No. 97APA06-740 (Mar. 27, 1998) (affirming appellant's convictions on direct appeal); *State v. Hawkins*, 10th Dist. No. 09AP-973 (Dec. 2, 2009) (Journal Entry of Dismissal) (dismissing appellant's appeal as trial court had not yet ruled on appellant's motion for new trial); *State v. Hawkins*, 10th Dist. No. 12AP-164 (Sept. 27, 2012) (memorandum decision) (affirming trial court's denial of a postconviction motion); and *State v. Hawkins*, 10th Dist. No. 18AP-126, 2018-Ohio-5251 (affirming trial court's denial of appellant's motion to resentence).
>
> {¶ 3} On May 21, 2018, appellant, pro se, filed another motion for resentencing. Plaintiff-appellee, State of Ohio, opposed the same. On July 17, 2018, the trial

court denied appellant's motion noting that "[d]efendant did not receive a void or partially void judgment, and is not entitled to a resentencing hearing." *State v. Hawkins*, 10th Dist. No. 18AP-600, 2019 WL 643296, at *1 (Ohio Ct. App. Feb. 14, 2019). On May 15, 2019, the Ohio Supreme Court declined to accept jurisdiction of Petitioner's appeal. *State v. Hawkins*, 155 Ohio St.3d 1458 (Ohio 2019).

On September 6, 2019, Petitioner filed this *pro se* habeas corpus petition. He asserts, as his sole ground for relief, that the trial court improperly sentenced him on two counts of aggravated murder. Plainly, however, this action is time-barred.

## II. STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), effective April 24, 1996, imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d). Section 2244(d) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* A District Court is permitted, but not obligated, to *sua sponte* address the timeliness of a federal habeas corpus petition, *Day v. McDonough*, 547 U.S. 198 (2006), and may do so when conducting an initial review under Rule 4. *See Wogenstahl v. Charlotte*, No. 1:17-cv-298, 2017 WL 3053645, at *2 (S.D. Ohio July 19, 2017) (citing *McDonough*, 547 U.S. at 198).

### III. APPLICATION

Here, Petitioner's judgment of conviction became final under the provision of § 2244(d)(1)(A) on April 5, 1999, when the United States Supreme Court denied the petition for a writ of *certiorari*. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (citing *Clay v. United States*, 537 U.S. 522 (2003)); *see also Smith v. Ohio, Dep't of Rehab. & Corr.*, 331 F.Supp.2d 605, 613 (N.D. Ohio Aug. 26, 2004) (citing *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000)). The statute of limitations began to run on the following day and expired one year later, on April 6, 2000. Plainly this action is untimely. Petitioner waited more than 19 years, until September 2019, to execute this habeas corpus petition.

Moreover, none of Petitioner's subsequent state-court actions tolled the running of the statute of limitations under the provision of § 2244(d)(2). The docket of the Franklin County Clerk reflects that the state appellate court denied Petitioner's actions as untimely or that he filed them after the one-year statute of limitations had already expired. "The tolling provision does not . . . 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman v. Brigano*, 346 F.3d 598, 601 (6th Cir. 2003) (citing *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)). Further, "[a] post-conviction petition that is rejected as untimely by the state courts is not 'properly filed' within the meaning of § 2244(d)(2) and does not toll the running of the statute of limitations." *Burns v. Warden*, No. 2:18-cv-00055, 2018 WL 684647, at *2 (S.D. Ohio Feb. 1, 2018) (quoting *Henderson v. Bunting*,

698 F. App'x 244, 246-47 (6th Cir. 2017) (citing *Allen v. Siebert*, 552 U.S. 3, 7 (2007)). Additionally, Petitioner does not allege, and the record does not reflect, any extraordinary circumstances that would justify equitable tolling of the statute of limitations, particularly for the time period at issue here. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (In order to obtain equitable tolling of the statute of limitations, a litigant must establish that he has been diligently pursued relief and that some extraordinary circumstance stood in his way of timely filing.) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Finally, the record does not reflect that any of the provisions of 2244(d)(1)(B) – (D) apply. Petitioner argues that relief is warranted under *State v. Williams*, 148 Ohio St.3d 403 (Ohio 2016), which held that "when a sentencing court concludes that an offender has been found guilty of two or more offenses that are allied offenses of similar import . . . it should permit the state to select the allied offense to proceed on for purposes of imposing sentence and it should impose sentence for only that offense.". To the extent that this claim may be liberally construed to raise a claim under the Double Jeopardy Clause, *see Jackson v. Smith*, 745 F.3d 206, 210 (6th Cir. 2014); *Ball v. Knab*, No. 2:09-cv-480, 2010 WL 4570226, at *7-8 (S.D. Ohio Oct. 12, 2010), nothing prevented Petitioner from earlier raising this issue which would have been readily apparent to him at the time of sentencing.

## IV. DISPOSITION

For the foregoing reasons, the undersigned **RECOMMENDS** that this action be **DISMISSED** as time-barred.

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific

5

proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(B)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

**IT IS SO ORDERED**.

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE