IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

LEON HAWKINS,

    Petitioner,

v.

WARDEN, ROSS CORRECTIONAL INSTITUTION,

    Respondent.

CASE NO. 2:19-CV-3870
JUDGE SARAH D. MORRISON
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

On September 20, 2019, the Magistrate Judge issued a Report and Recommendation pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts recommending that this action be dismissed. (ECF No. 3.) Petitioner has filed an Objection to the Magistrate Judge's Report and Recommendation. (ECF No. 6.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's Objection is **OVERRULED**. The Report and Recommendation is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**, and the Court **DECLINES** to issue a certificate of appealability.

Petitioner objects to the dismissal of this action as barred by the one-year statute of limitations provided for under 28 U.S.C. § 2244(d). He maintains that he could not have raised his claim that the trial court unlawfully sentenced him on two counts of aggravated murder in violation of the Double Jeopardy Clause until November 10, 2016, when the Ohio Supreme Court issued its decision in *State v. Williams*, 71 N.E.3d 234 (Ohio 2016), and that extraordinary circumstances therefore justify equitable tolling of the statute of limitations.

This Court does not agree. The Magistrate Judge charitably construed the Petitioner's complaint to raise a claim under the Double Jeopardy Clause.[1] (ECF No. 3, at 5.) Petitioner now piggybacks on this conclusion and asserts that this is the gist of his claim. (ECF No. 6, at 2.) But the Ohio Supreme Court case to which Petitioner clings relies on the allied offenses statute (under state law), not the Double Jeopardy Clause. *Williams*, 71 N.E.3d at 240 ("It therefore follows that when a trial court concludes that an accused has in fact been found guilty of allied offenses of similar import, it cannot impose a separate sentence for each offense."). While the *Williams* decision on Ohio's allied offenses statute had not been decided at the time of Petitioner's sentencing in April 1997, this has nothing to do with a claim under the Double Jeopardy Clause. Nothing prevented Petitioner from earlier raising a claim that his sentence violated the Double Jeopardy Clause. Accordingly, as the Magistrate Judge explains, the relevant statute of limitations for purposes of § 2244(d) expired on April 6, 2000. (ECF No. 4, at 4.)

Moreover, in order to obtain equitable tolling of the statute of limitations, a petitioner must establish that he has diligently pursued relief and that some extraordinary circumstance prevented his timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Petitioner invokes this exception without any evidence of extraordinary circumstances. He points only to *Williams*, which is irrelevant in the context of a claim under the Double Jeopardy Clause.

Therefore, Petitioner's Objection (ECF No. 6) is **OVERRULED**. The Report and Recommendation (ECF No. 3) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED** as barred by the one-year statute of limitations.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In

---

[1] To have a cognizable claim under 28 U.S.C. § 2254, it must be the case that Petitioner is arguing that the Ohio state courts made an error of *federal* law, not state law. *Jackson v. Smith*, 745 F.3d 206, 214 (6th Cir. 2014.) A state court's incorrect application of Ohio's allied offenses statute would not be an error of federal law. *See id.*

2

contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, 135 S. Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal). Rather, the Court must find that the petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).

Where the district court dismisses a claim on procedural grounds, however, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. at 484. Thus, there are two components to determining whether a certificate of appealability should issue when a claim is dismissed on procedural grounds: "one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id*. at 484–85. The district court may first "resolve the issue whose answer is more apparent from the record and arguments." *Id*. at 485.

This Court is not persuaded that reasonable jurists could debate the dismissal of this action as time-barred. Therefore, the Court **DECLINES** to issue a certificate of appealability.

The Court **CERTIFIES** that the appeal would not be in good faith such that an application to proceed *in forma pauperis* on appeal should be **DENIED**.

3

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT**.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**